IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MONICK MILLER,

    Plaintiff,

vs.

DE LIMA CONSULTANTS GROUP,
INC., d/b/a Private Label Express,
a Florida Corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, MONICK MILLER, sues Defendant, DE LIMA CONSULTANTS GROUP, INC., and shows:

### Introduction

1.    This is an action by MONICK MILLER against her former employer for unpaid overtime and unpaid wages pursuant to the Fair Labor Standards Act.  Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207.  The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3.    The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4.    Plaintiff, MONICK MILLER, (hereinafter "MILLER") a resident of Broward County, was at all times material, employed by DE LIMA CONSULTANTS GROUP, INC., as an

office manager, was an employee as defined by 29 U.S.C. § 203(e), and during her employment with DE LIMA CONSULTANTS GROUP, INC., and was engaged in commerce or in the production of goods for commerce. To wit, MILLER processed orders that originated from other states and foreign countries, handled products that were received from other states and other countries, packaged those products and personally made arrangements with various shippers to ship these products to other states and foreign countries.

5. Defendant, DE LIMA CONSULTANTS GROUP, INC., d/b/a Private Label Express, (hereinafter, "Private Label Express"), is a Florida Corporation doing business throughout the State of Florida with facilities in Broward County, where MILLER worked. Private Label Express is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the facility where MILLER was employed. At all times pertinent to this Complaint, Private Label Express operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Private Label Express obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

**Count I – Violation of FLSA by Defendant Private Label Express – Overtime**

6. Plaintiff, MONICK MILLER, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

7. Since on or about July 2018 up to and including May 2019, Defendant Private Label Express has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically MILLER, since July 2018 has worked in excess of 40 hours a week nearly every week of her employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed:

(a) as Private Label Express has a policy of automatically deducting 30 minutes daily from its employees' compensable hours for a meal break that MILLER was not able to take because of the workload, which Private Label Express was very much aware of. Thus, during most workweeks, MILLER worked an additional 2 hours weekly without compensation;

(b) in addition, MILLER would arrive several minutes before 8:30AM and would leave several minutes after 5:00PM, thus resulting in additional compensable time that she worked without any compensation;

(c) lastly, Private Label had a policy of paying its hourly employees, including MILLER, their straight time rate for all hours worked, despite the fact that MILLER worked and was paid for more than 40 hours in some workweeks, which entitles MILLER to the additional half-time premium for those hours.

8. The failure to pay overtime compensation to MILLER is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee.

9. Private Label Express' actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and MILLER's status as non-exempt, and it was well aware that MILLER was unable to take a bona fide uninterrupted meal break, and that MILLER worked before and after her regularly scheduled work shift, and that MILLER worked more than 40 hours per week, and was paid for some of those hours at the straight-time rate, which resulted in MILLER not being paid in accordance with the Act.

10. MILLER is entitled pursuant to 29 U.S.C. § 216(b), to recover from Private Label Express:

   a. All unpaid overtime that is due;

   b. As liquidated damages, an amount equal to the unpaid overtime owed;

   c. All unpaid hours that were worked but were not in excess of 40 hours per week;

   d. The costs of this action, and;

   e. A reasonable attorney's fee.

WHEREFORE, Plaintiff, MONICK MILLER, prays that this Court will grant judgment against Defendant Private Label Express:

   a. awarding MILLER payment of overtime compensation found by the court to be due to her under the Act;

   b. awarding MILLER an additional equal amount as liquidated damages;

   c. awarding MILLER payment of all non-overtime compensation found by the court to be due to her, including pre-judgment interest;

      d.      awarding MILLER her costs, including a reasonable attorney's fee; and

      e.      granting such other and further relief as is just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: September 17, 2019
Plantation, Florida

Respectfully submitted,

*s/Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for MONICK MILLER*